MEMORANDUM OPINION



Nos. 04-06-00734-CR, 04-06-00735-CR, 


04-06-00736-CR and 04-06-00737-CR


Ronald Douglas SMITH,


Appellant



v.



The State of TEXAS,


Appellee



From the 216th Judicial District Court, Kerr County, Texas


Trial Court Nos. A05-279, A05-283, A05-325 and A05-501


Honorable Stephen B. Ables, Judge Presiding



Opinion by: Rebecca Simmons, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Rebecca Simmons, Justice


Delivered and Filed: September 5, 2007


AFFIRMED

 On May 23, 2006, Appellant Ronald Douglas Smith entered a plea of guilty, without an
agreement on punishment, to four felony offenses: organized criminal activity, possession of a
controlled substance within a drug free zone, possession of certain chemicals with intent to
manufacture, and possession of methamphetamine. After a pre-sentence investigation report and a
lengthy sentencing hearing, the trial court assessed punishment at confinement in the Institutional
Division of the Texas Department of Criminal Justice for a period of twenty-five years for the
organized criminal activity, ten years for the possession of a controlled substance within a drug free
zone, and fifteen years each for the possession of chemicals with intent to manufacture and
possession of methamphetamine. The trial court further ordered the sentences to run concurrently.

Anders v. California

 Smith's court-appointed attorney filed a brief containing a professional evaluation of the
record, allegedly in accordance with Anders v. California, 386 U.S. 738 (1967). At one point in the
brief, Smith's counsel concludes that the appeal has no merit. However, the brief also requests this
court find Smith's sentences are "grossly disproportionate" to the offenses and in violation of the
Eighth Amendment's prohibition against cruel and unusual punishment. U.S. Const. amend. VIII. 
Because we find ourselves in the same "procedural quagmire" identified in Bruns v. State, 924
S.W.2d 176, 177 (Tex. App.--San Antonio 1996, no pet.), we must question whether Smith's
counsel intended the brief to comply with Anders.

 In Anders, the Supreme Court outlined an appellate counsel's role as an advocate requiring
"[counsel] support his client's appeal to the best of his ability. Of course, if counsel finds his case
to be wholly frivolous, after a conscientious examination of it, he should so advise the court and
request permission to withdraw." Anders, 386 U.S. at 744. Although counsel provided Smith with
a copy of the brief, informed him of his right to review the record and file his own brief, and filed
a motion to withdraw, he also requests this court to find the sentences are in fact disproportionate,
and to "disregard any contention that this appeal is frivolous and remand the matter to the trial
court." This request violates the frivolous findings required in Anders. See also Nichols v. State,
954 S.W.2d 83, 85-86 (Tex. App.--San Antonio 1997, no pet.); Bruns, 924 S.W.2d at 177 n.1. 
Accordingly, we address the merits of Smith's claims regarding his sentences being cruel, unusual
and disproportionate to the offenses committed.

Cruel and Unusual Punishment

 At the time of trial, Smith made no objection to his sentence. Additionally, he did not file
any post-trial motions or objections, under constitutional or other grounds, to the "alleged disparity,
cruelty, unusualness or excessiveness of the sentences." Trevino v. State, 174 S.W.3d 925, 927 (Tex.
App.--Corpus Christi 2005, pet. ref'd) (citing Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim. App.
1986) (holding that even constitutional claims can be waived by failing to object)). To preserve error
for appellate review, a party must present a timely objection to the trial court, state the specific
grounds for the objection and obtain a ruling. Tex. R. App. P. 33.1(a); Blue v. State, 41 S.W.3d 129,
131 (Tex. Crim. App. 2000) (en banc). (1)

 Assuming Smith's claim was properly preserved, Smith's sentences were within the
statutorily prescribed punishment ranges. Specifically, Smith's twenty-five year sentence for the first
degree organized criminal activity fell within the five to ninety-nine years allowed by Texas Penal
Code section 71.02; ten years for the third degree possession of a controlled substance within a drug
free zone is within the two to ten years as prescribed by Texas Penal Code section 481.134(d); and
fifteen years each for the second degree felonies of possession of chemicals with intent to
manufacture and possession of methamphetamine is within the two to twenty year range as set forth
in Texas Penal Code sections 481.124 and 481.115(d). See Tex. Penal Code Ann. § 71.02 (Vernon
2006). See Tex. Health & Safety Code Ann. §§ 481.115, 481.124, 481.134 (Vernon 2003 &
Supp. 2006). In its analysis of the question of proportionality, the Texas Court of Criminal Appeals
has consistently held that a sentence falling within the statutorily prescribed range of punishment for
a given offense does not violate the prohibition against cruel and unusual punishment. U.S. Const.
amend. VIII. See also Davis v. State, 905 S.W.2d 655, 664 (Tex. App.--Texarkana 1995, pet. ref'd)
(citing Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983) (holding that punishment which
falls within the limits prescribed by a valid statute is not excessive, cruel or unusual)); Jordan v.
State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Smith's punishment falls within the range
prescribed by the legislature and is therefore not prohibited as cruel, unusual or excessive. See
Davis, 905 S.W.2d at 664; Harris, 656 S.W.2d at 486; Jordan, 495 S.W.2d at 952. We, therefore,
overrule Smith's first issue on appeal.

 We next address whether the sentences violate the Eighth Amendment prohibition against
being grossly disproportionate to the offenses committed. See Solem v. Helm, 463 U.S. 277, 290
(1983). In Solem, the Supreme Court set forth three objective criteria for appellate courts analyzing
proportionality claims: "(i) the gravity of the offense and the harshness of the penalty; (ii) the
sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for
commission of the same crime in other jurisdictions." Id. at 292. Yet, only upon a determination
that a sentence is grossly disproportionate to the offense does an appellate court consider the
remaining two factors. Id.; see also Ajisebutu v. State, No. 01-06-00202-CR, 2007 WL 926512, at
*4 (Tex. App.--Houston [1st Dist.] Mar. 29, 2007, pet. filed). (2) 

 Here, Smith entered a plea of guilty to several offenses, including organized criminal activity,
and involvement in the manufacturing and distribution of methamphetamine. Although he attempted
to minimize his participation in the offenses during the punishment hearing, the evidence supported
that he was a major actor in the activities. Moreover, as the trial court stressed, he was using his
residence as a staging area and laboratory for the manufacturing of methamphetamine. He purchased
the chemicals, "cooked" the chemicals and involved over thirty-five individuals, including his
nephew, in his scheme. Having considered the foregoing evidence, we cannot say the trial court's
determination was disproportionate to the conduct proven in this case. Solem, 463 U.S. at 292. 
Accordingly, we need not address the remaining Solem factors. Id. We, therefore, affirm the
judgment of the trial court.

Conclusion

 Because the sentences imposed by the trial court were neither cruel, unusual nor excessive,
we affirm the judgment of the trial court. Additionally, counsel's brief does not comply with Anders,
and thus counsel's motion to withdraw is moot. Nichols, 954 S.W.2d at 86; Bruns, 924 S.W.2d at
177 n.1.

 Rebecca Simmons, Justice

PUBLISH
1. See also Solis v. State, 945 S.W.2d 300, 301 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd) (holding that
a claim of a grossly disproportionate sentence violative of Eighth Amendment was forfeited by failure to object);
Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.--Corpus Christi 1989, pet. ref'd) (holding that failure to object to
a sentence as cruel and unusual forfeits error).
2. Although Smith points to Solem as authority for his sentences being grossly disproportionate, we acknowledge
the necessity to review Solem in light of the Supreme Court's opinion in Harmelin v. Michigan, 501 U.S. 957 (1991). 
See McGruder v. Puckett, 954 F.2d 313, 315-16 (5th Cir. 1992) (noting that, in Harmelin, five members of the Supreme
Court rejected application of the three-factor test, although seven of the justices supported an Eighth Amendment
prohibition against grossly disproportionate sentences).